IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LARRY M. HOAK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV08-402-S-BLW |
| | ) | (lead case) |
| vs. | ) | |
| | ) | |
| I.D.O.C. WARDEN SMITH, I.C.C. | ) | |
| WARDEN VALDEZ, 1-13 DOES, | ) | **ORDER OF CONSOLIDATION** |
| | ) | **AND INITIAL REVIEW ORDER** |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| SHANE ELLOYD ROMERO, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV08-530-S-BLW |
| | ) | |
| vs. | ) | |
| | ) | |
| CORRECTION CORPORATION | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| SHAUN M. GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV09-01-S-BLW |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN HARDISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MARLIN RIGGS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV09-10-S-BLW |

ORDER OF CONSOLIDATION AND INITIAL REVIEW ORDER 1

|  |  |  |
|---|---|---|
| vs. | ) ) ) | |
| NORMA RODRIGUEZ, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| ARTHUR ALLEN HOAK, | ) ) ) | |
| Plaintiff, | ) ) | Case No. CV08-487-S-BLW |
| vs. | ) ) ) | |
| ICCA WARDEN VALDEZ, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiffs are inmates in custody of the Idaho Department of Corrections (IDOC) housed at state-owned prisons or the private prison, Idaho Correctional Center (ICC), which is operated by Correctional Corporation of America (CCA). Plaintiffs each filed a Complaint alleging that prison officials were warned but failed to take steps to protect them from assaults by prison gang members. The Court now reviews these cases under Title 28 U.S.C. § 1915 to determine whether they can proceed on the Complaints.

## ORDER OF CONSOLIDATION

Because Plaintiffs' Complaints have similar content, all relate to the same subject matter, and are brought against the same type of defendants, the Court shall consolidate the five cases for ease of administration. Those cases are as follows: *Larry Hoak v. Valdez*, CV08-402-S-BLW; *Romero v. CCA*, CV08-530-S-BLW; *Gilbert v. Hardison*,

ORDER OF CONSOLIDATION AND INITIAL REVIEW ORDER 2

CV09-01-S-BLW; *Riggs v. Rodriguez*, CV09-10-S-BLW; and *Arthur Hoak v. Valdez,* CV08-487-S-BLW.  Anything further filed in any of these cases should be filed only under the lead case number, *Larry Hoak v. Valdez*, CV08-402-S-BLW.

## STANDARD OF LAW

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Plaintiffs bring claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiffs assert violations of the Eighth Amendment.  To state a claim under the Eighth Amendment, a plaintiff must alleges facts showing that he is incarcerated under conditions posing a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A plaintiff must also allege that the defendants were deliberately indifferent to the substantial risk of serious harm.  Deliberate  indifference exists when an official knows of and disregards a condition posing a substantial risk of serious harm or when the official is "aware of facts from which the inference could be drawn that a substantial risk

of harm exists," and actually draws the inference. *Id.,* 511 U.S. at 837.

In order to proceed against ICC or CCA as an entity, a plaintiff must state facts meeting the test articulated in *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978).[1]  Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).  An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled . . . policy." *Monell*, 436 U.S. at 691.

## DISCUSSION

Plaintiffs allege that they were threatened and assaulted by prison gang members while incarcerated. Plaintiffs allege that prison officials were aware of the threat and danger posed to Plaintiffs, but failed to protect them.

Plaintiff Larry Hoak (L. Hoak) alleges that two inmates who were members of a prison gang assaulted him in his cell on February 24, 2008.  L. Hoak woke up in his bunk and found the two inmates in his cell putting gloves on.  The inmates then beat and robbed him.  He was again assaulted on August 1, 2008, when a prison gang member

---

[1]*See, e.g., Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (cataloguing circuit court cases applying *Monell* to private entities).

ORDER OF CONSOLIDATION AND INITIAL REVIEW ORDER 4

followed him into the bathroom and beat him up. He was taken to St. Luke's for treatment following the assault. He also alleges that his cellmate, another prison gang member, tried to poison him on one occasion. Throughout these events, prison officials allegedly knew about the danger of a potential attack on L. Hoak, but did nothing about it.

Plaintiff Romero alleges that he asked not to be moved to ICC and L Pod because of threats of violence there. After he was moved, gang members threatened Romero. He alleges that because of these threats, he felt compelled to take a first strike at the gang member who had been threatening him in order to avoid a later situation where several gang members would outnumber him and attack him. On October 14, 2008, he confronted the gang member in the chow hall, where he knew the fight would be stopped quickly and would not result in serious injury. Plaintiff's nose was broken, and he suffered other injuries, as a result. He may also be alleging a claim that officials failed to provide him with proper medical treatment after the incident.

Petitioner Gilbert was incarcerated at ICC. On March 16, 2005, Gilbert was recruited by multiple gangs, but refused to join any. Gilbert gave the names of the gang members to prison staff. Gilbert was released on parole on September 12, 2006, but returned on November 1, 2007 due to a parole violation. He was again threatened by gang members, and he filled out a concern form indicating he would be willing to move to unit 16. On March 31, 2008, he was told he would have to move out of Unit 16 and into Unit 14, which contained several gang members. On April 21, 2008 Gilbert was moved to unit 14. Gilbert was approached by gang members who told him he would have to pay a fee to

ORDER OF CONSOLIDATION AND INITIAL REVIEW ORDER 5

avoid being assaulted. Gilbert complied. On April 24, 2008, he was assaulted by gang members in a bathroom. Gilbert was then moved to Unit 8. Following the assault, he filed several concern forms to prison staff. Gilbert alleges that prison official knew of the threats of assault and knew that he was particularly at risk because he was a sex offender, but failed to protect him.

On May 10 and 11, 2008, Plaintiff Riggs was approached by gang members at ICC and told that he must pay "rent" or leave the tier if he did not want to be assaulted. Riggs told Defendants Johnson, Dean, and Rose that he was threatened and needed to be moved to a different tier. After returning to his cell, Riggs was assaulted by multiple inmates, leaving him unconscious. Riggs was found in his cell by Dean who took him to Medical. He alleges that he was denied further medical treatment for 15 days after his injury.

Plaintiff Arthur Hoak (A. Hoak) was in inmate at ICC. Officers knew that Plaintiff's brother, L. Hoak, had been assaulted by gang members. L. Hoak had also warned officers that A. Hoak might be assaulted by the same gang members. On March 10, 2008 two inmates entered A. Hoak's cell and began to hit him. An additional inmate joined them, and the three inmates continued to beat A. Hoak. He alleges to suffer from blurred vision, pain in his head, neck, wrist, and leg, and Post Traumatic Stress Syndrome. A. Hoak alleges that prison officials knew of the threats but failed to protect him.

Plaintiffs have set forth sufficient allegations to state Eighth Amendment failure to protect claims. Some of the Plaintiffs have also alleged cognizable Eighth Amendment

ORDER OF CONSOLIDATION AND INITIAL REVIEW ORDER 6

failure to provide medical treatment claims.  Some of the Complaints likely should be amended to clarify and narrow appropriate defendants.  At this point, however, the Court will not require or permit amendments or supplements.

The Court finds it appropriate to set these cases for mediation, to consist of a series of meetings, with the first meeting to focus on the gang violence issues.  Plaintiffs may address their other claims, if any, in subsequent meetings.  The Court will currently stay and administratively terminate these cases while it searches for pro bono counsel to represent Plaintiffs for the limited purpose of mediation.  No party shall file anything further in this stayed case.  The Court will not entertain any motions seeking class action status in these cases unless filed by counsel.  Presently, the Court anticipates that class action status will not be necessary to resolve the issues in these cases.

Counsel for the IDOC and ICC Defendants shall (1) identify the prison officials who are knowledgeable on prison gang, violence, and housing issues who should be invited to attend the mediation and (2) provide that information to the Court's ADR Director, Susie Boring-Headlee within twenty (20) days of this Order.  Plaintiffs will not be required to pay the filing fee at this time; if the case does not settle, the Court will issue the order requiring automatic deductions from Plaintiffs' trust accounts.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the following cases are consolidated: *Larry Hoak v. Valdez*, CV08-402-S-BLW; *Romero v. CCA*, CV08-530-S-BLW; *Gilbert v. Hardison*, CV09-01-S-BLW; *Riggs v. Rodriguez*, CV09-10-S-BLW; and

ORDER OF CONSOLIDATION AND INITIAL REVIEW ORDER 7

*Arthur Hoak v. Valdez,* CV08-487-S-BLW. The lead case shall be *Larry Hoak v. Valdez*, CV08-402-S-BLW.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Proceed in Forma Pauperis are GRANTED: Docket No. 1 in *Larry Hoak v. Valdez*, CV08-402-S-BLW; Docket No. 1 in *Romero v. CCA*, CV08-530-S-BLW; Docket No. 1 in *Gilbert v. Hardison*, CV09-01-S-BLW; Docket No. 1 in *Riggs v. Rodriguez*, CV09-10-S-BLW; and Docket No. 1 in *Arthur Hoak v. Valdez,* CV08-487-S-BLW).  Each Plaintiff shall be required to pay 1/5 of the $350 filing fee, or $70.00 each, by automatic deductions from their prison trust accounts, should they be unable to settle this case in mediation.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Rule 15 Motions to File Supplemental Pleadings (Docket Nos. 5 & 6 in  *Larry Hoak v. Valdez*, CV08-402-S-BLW) are MOOT, given that the first motion contains an unreadable Inmate Concern Form, the second contains no factual allegations, and no supplements are permitted at this time.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for a Telephonic Conference (Docket No. 4 in *Romero v. CCA*, CV08-530-S-BLW) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Request for Counsel (Docket No. 4 in  *Gilbert v. Hardison*, CV09-01-S-BLW) is GRANTED in part.  The Court will appoint limited purpose counsel for mediation of the five combined cases.

IT IS FURTHER HEREBY ORDERED that the parties shall not file additional papers or pleadings in this case until further order of the Court.

ORDER OF CONSOLIDATION AND INITIAL REVIEW ORDER 8

IT IS FURTHER HEREBY ORDERED that this case is STAYED and ADMINISTRATIVELY TERMINATED pending appointment of counsel for Plaintiffs.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve a copy of this Order on the following attorneys and agents:

1. Paul Panther, Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of the IDOC Defendants;

2. John Burke, HALL, FARLEY, P.O. Box 1271, Boise, ID 83701, on behalf of the CMS Defendants;

3. Steve Groom, Deputy General Counsel, Corrections Corporation of America (CCA), 10 Burton Hills Boulevard, Nashville, TN 37215, on behalf of the ICC/CCA Defendants; and

4. Kirtlan Naylor, Naylor & Hales, P.C. 950 W. Bannock, Ste. 610, Boise, ID 83702, also on behalf of the ICC/CCA Defendants.

DATED: **February 20, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge